IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KRISTOFFER CORNELIUS,**   Case No:
                            Hon:
       Plaintiff,

vs.

**SHERIFF BOB BEZOTTE,**
**COUNTY OF LIVINGSTON, a municipal entity and**
**DEPUTY SHERIFF DAVID KLEIN,**
In his individual capacity,
       Defendants,
_____/

**KENNETH D. FINEGOOD P36170**
KENNETH D. FINEGOOD, P.L.C.
Attorney for Plaintiff
29566 Northwestern Hwy, Suite 120
Southfield, MI 48034
248-351-0608
_____/

## COMPLAINT AND DEMAND FOR JURY

**NOW COMES**, plaintiff Kristoffer Cornelius, by and through his attorney, Kenneth D. Finegood, P.L.C. and for his complaint states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. 1983 and the Fourth and Fourteenth Amendment of the Constitution of the United States and pendant state claims.

2. Jurisdiction of this Court is based upon 28 U.S.C. 1331 (federal question) and 1343 (civil rights).

3. Venue is appropriate in this Court pursuant to 28 U.S.C. 1391 as the defendant resides in the Southern District of Michigan, and this district is where the claim arose.

4. The amount in controversy exceeds seventy-five thousand ($75,000.00) dollars.

## GENERAL ALLEGATIONS

5. That plaintiff, Kristoffer Cornelius, is a resident of the County of Livingston, State of Michigan.

6. That defendant, Sheriff Deputy, David Klein is a resident of the State of Michigan and employed as an officer of the Livingston County Sheriff Department located in the County of Livingston, Michigan.

7. That defendant Bob Bezotte, is the Sheriff of Livingston County, responsible for the operation, training and supervision of the Livingston County Sheriff Department, including but not limited, to enforcement of the regulations of the Livingston County Jail and the training and supervision of Sheriff Deputies.

8. That defendant Livingston County, is a municipal entity formed pursuant to the laws of Michigan and one of the functions of Livingston County is to organize, operate, staff and supervise the Livingston County Sheriff Department and Livingston County Jail.

9. That on March 8, 2008, plaintiff, Kristoffer Cornelius was in a vestibule area of the Livingston County Jail during the pre-intake process, by defendant Deputy Klein on a misdemeanor warrant.

10. That despite plaintiff's complete cooperation, without obstructing or resisting defendant's lawful authority at any time, defendant officer unlawfully accosted plaintiff, by

forcibly taking plaintiff to the ground and striking plaintiff multiple times to the face, mouth and back, causing severe injury as set forth more fully herein.

11. That defendant's conduct was unreasonable under the totality of circumstances constituting excessive force, deliberate indifference to plaintiff's safety and unlawful punishment without due process which amounted to an abuse of lawful authority under color of law in violation of 42 USC §1983 and the Fourth and Fourteenth Amendment to the Constitution of the United States and constituted gross negligence, assault and battery.

12. That the conduct of the named defendants, under the facts of this case, are not subject to qualified immunity or other immunities granted by law.

## COUNT I:

## DEPRIVATION OF CIVIL RIGHTS

13. Plaintiff hereby incorporates by reference paragraphs 1 through 13 of this complaint.

14. At all times pertinent hereto, defendant David Klein was employed as a Sheriff Deputy with Livingston County acting within the scope of his employment as a law enforcement officer and under the color of law and clothed with the authority that was granted him as a Livingston County sheriff deputy.

15. That defendant maliciously, wrongfully, without probable cause and with reckless disregard for the ramifications of his actions, used unreasonable and excessive force thereby depriving plaintiff of his civil rights including but not limited to his right to be free from excessive force, unreasonable search/seizure or subject to summary punishment without the due process of law, contrary to the Constitution and/or laws of the United States and the Constitution and/or laws of the State of Michigan.

16. The actions herein enumerated constitute the deprivation of protected liberty interests and rights secured by the United States Constitution, to wit, violation of the Fourth and Fourteenth Amendment of the Constitution of the United States and 42 USC § 1983.

17. That plaintiff had a protected liberty interest under the Constitution in not being subject to excessive force, summary punishment or the deliberate indifference to safety.

18. That defendant Bob Bezotte, as Sheriff of Livingston County, in principal charge of the investigation of allegations of police misconduct failed to investigate the allegations of plaintiff's complaint, amounting to an official policy or practice of the County of Livingston regarding the deliberate indifference to the deprivation of citizen's civil rights.

19. That the defendant, Livingston County, through its appointed officials, has a policy or practice of engaging in the systematic deprivation of civil rights of pre trial detainees and/or arrestees by, among other things, a failure to train or supervise deputy sheriffs in the proper use of force and its failure to investigate and or reprimand officers engaging in acts of brutality against citizens which was the moving force behind the violation of plaintiff's constitutional rights.

20. As a result of defendants' actions, plaintiff suffered injuries including, but not limited to, face, teeth and back resulting in, excruciating pain and suffering, shock, humiliation, embarrassment, fright, anxiety, mental anguish, medical expense and wage loss.

21. As a direct and proximate result of the actions of defendant and injuries sustained, plaintiff has suffered the loss of enjoyment of life and is unable to attend to his normal activities of daily living and recreational activities, including medical expense.

18. That if it is established that plaintiff was suffering from any of the foregoing conditions prior to this accident, then and in that event, plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing occurrence.

WHEREFORE, plaintiff requests this Court award fair and just compensation in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages, together with costs, interest and attorney fees deemed fair, equitable and just by the trier of fact.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

## COUNT II

## GROSS NEGLIGENCE

19. Plaintiff incorporates the allegations of the General Allegations and allegations of Count I as though fully set forth below.

20. At all times pertinent hereto, defendant David Klein owed duties to plaintiff including, but not limited to, the duty:

   a. To treat plaintiff with respect and dignity as may be consistent with his security, and legitimate law enforcement activity.

   b. To avoid deprivation of plaintiff's rights, privileges or immunities secured by the Constitution and laws of the United States and the State of Michigan without due process of law;

   c. To avoid foreseeable injury to plaintiff, while investigating or pursuing legitimate police activity.

21. Defendant Klein breached the duties owed, such that defendant's conduct constituted gross negligence, amounting to a willful and/or wanton disregard for the safety of plaintiff and whether injury would occur.

22. That defendant's conduct under the facts of this case are not subject to qualified immunity or other immunities granted by law.

22. As a result of defendants' actions, plaintiff suffered injuries including, but not limited to, face, teeth and back resulting in, excruciating pain and suffering, shock, humiliation, embarrassment, fright, anxiety, mental anguish, medical expense and wage loss.

23. As a direct and proximate result of the actions of defendant and injuries sustained, plaintiff has suffered the loss of enjoyment of life and is unable to attend to his normal activities of daily living and recreational activities, including medical expense.

25. That if it is established that plaintiff was suffering from any of the foregoing conditions prior to this accident, then and in that event, plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing occurrence.

WHEREFORE, plaintiff requests this Court award fair and just compensation in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including punitive damages, together with costs, interest and attorney fees deemed fair, equitable and just by the trier of fact.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

**COUNT III**

**ASSAULT AND BATTERY**

26. Plaintiff repeats and realleges paragraphs of the General Allegations, Count I, and Count II as though fully set forth below.

27. At all times pertinent hereto, defendant David Klein intentionally used the threat of physical injury resulting in a reasonable fear of imminent harm to plaintiff constituting an assault as set forth under the common law.

28. The defendant's conduct in, tackling plaintiff to the ground and knee striking the chest causing grievous bodily harm, absent resistance of any kind was an offensive touching constituting a battery as set forth under the common law.

29. That defendant's conduct under the facts of this case are not subject to qualified immunity or other immunities granted by law.

30. As a result of defendants' actions, plaintiff suffered injuries including, but not limited to, face, teeth and back resulting in, excruciating pain and suffering, shock, humiliation, embarrassment, fright, anxiety, mental anguish, medical expense and wage loss.

31. As a direct and proximate result of the actions of defendant and injuries sustained, plaintiff has suffered the loss of enjoyment of life and is unable to attend to his normal activities of daily living and recreational activities, including medical expense and attendant care.

32. That if it is established that plaintiff was suffering from any of the foregoing conditions prior to this accident, then and in that event, said plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing occurrence.

WHEREFORE, plaintiff requests this Court award fair and just compensation in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including punitive damages, together with costs, interest and attorney fees deemed fair, equitable and just by the trier of fact.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

        **LAW OFFICE OF KENNETH D. FINEGOOD, P.L.C.,**

        S/Kenneth D. Finegood
        KENNETH D. FINEGOOD   P36170
        Attorney for Plaintiff

Dated: January 22, 2009